FILED

OCT 1 7 2013

DAVID CREWS, CLERK
BY_____
Deputy

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## GREENVILLE DIVISION

MURRAY G. FULGHAM                                                    PLAINTIFF

v.                                               Civil Action No. 4:13CV182-A-V

BRUCE E. WOFFORD and
ANIMAL TOTAL HEALTH, LLC                                            DEFENDANTS

## COMPLAINT

COMES NOW, Plaintiff Murray G. Fulgham ("Plaintiff" or "Pete Fulgham") in the above-styled and numbered Action and files this his Complaint against Bruce E. Wofford ("Bruce Wofford") and Animal Total Health, LLC (collectively, the "Defendants") seeking an Order of Correction as to the Inventorship of U.S. Patent No. 8536220 (the "Animal Supplement Patent") pursuant to 35 U.S.C. § 256, damages related to the willful infringement of the Animal Supplement Patent pursuant to 35 U.S.C. §§ 271, 284, and 285, permanent injunctive relief enjoining the Defendants from infringing the Animal Supplement Patent, damages related to the fraud perpetrated by Bruce Wofford on the United States Patent and Trademark Office in connection with the wrongful claim of inventorship, damages related to the Defendants' unjust enrichment in connection with the patent infringement and fraud, and an accounting of the Defendants for monies wrongfully received in connection with the foregoing. In support hereof, Plaintiff would respectfully show unto the Court as follows:

## PARTIES

1.      Plaintiff Murray G. Fulgham is an adult resident citizen of Bolivar County, Mississippi.

2.     Defendant Bruce E. Wofford is an adult resident citizen of Chickasaw County, Mississippi.

3.     Defendant Animal Total Health, LLC is a limited liability company organized and existing under the laws of the State of Mississippi with its registered address at 1207 Highway 8 East, Houston, Mississippi 38851.

## JURISDICTION

4.     This action arises under the patent laws of the United States, 35 U.S.C. § 1 et seq.

5.     This Court has exclusive jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1338.

6.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

## FACTS

7.     This case concerns the correction of an error regarding inventorship for the Animal Supplement Patent, U.S. Patent No. 8536220  (attached hereto as Exhibit "**A**"), which relates to a certain animal dietary supplement composed of linolinic expeller pressed soybean oil ("EPSO"), omega-3 fatty acids ("Omega 3") from fish oil and alpha-tocopherol ("Vitamin E") and a method to use this composition to supplement the diet of an equine (hereinafter, the "Invention" or "Supplement").

8.     In 1998, Pete Fulgham became aware of a soy oil processing technique, Extruded/Expelled Pressing, which allows the extruded soy oil to retain all of its beneficial attributes. Soy oil is typically produced using Hexane, a chemical which reacts with the soybean in such a way as to remove its vitamins and antioxidants from the resulting soy oil.

9.     In 1997, research was conducted by certain personnel of Texas A&M University on the nutritional value of EPSO for purposes of equine health, fats and cell function. The EPSO

2

used by Texas A&M University was supplied by the same source used by Pete Fulgham. The research indicated that while EPSO does provide some level of Omega 3's, more would be needed to off-set the levels of omega-6 fatty acids ("Omega 6") in a typical equine diet. The research also suggested that EPSO could beneficially affect equine weight gain and improve hoof and hair-coat health among other things. In light of these findings, Pete Fulgham realized a viable animal dietary supplement could be created by fortifying EPSO with another source rich in Omega 3's.

10. During the years of 2004-2006, Pete Fulgham investigated his idea further and found that fish oil was rich in Omega 3's and would be ideal for use in an equine supplement. Pete Fulgham's research also indicated EPSO contained Vitamin E. In fact, Pete Fulgham formed Delta Global Soy Products, LLC, in 2005 and commissioned an employee, Pete Smith, to work with animal nutrition specialists at Mississippi State University related to expeller pressed oils and meal. Though this and other research, Pete Fulgham learned that Vitamin E was an important antioxidant that provided numerous equine health benefits; consequently, he realized the role of Vitamin E was essential in the Supplement. Using these elements, Omega 3's and Vitamin E contained in EPSO and fortified with fish oil, Pete Fulgham's idea of a superior equine dietary supplement was conceived.

11. In early 2007, Pete Fulgham combined EPSO and fish oil as an early prototype of the Invention. Pete Fulgham tested the supplement on an equine experiencing lameness issues and hair and skin issues, and observed marked improvement in each individual equine's health after a trial period of the Supplement's use.

12. Subsequently, Pete Fulgham shared his findings with friends, horse trainers and other equine professionals. Pete Fulgham realized there could be a commercial opportunity in

3

the marketing of the Supplement. Pete Fulgham found a large scale supplier of EPSO, however, after a period of time this local business ceased selling EPSO. Pete Fulgham required a new high volume EPSO source.

13.     In January of 2008, Pete Fulgham met Bruce Wofford for the first time. Bruce Wofford disclosed that he worked for a business that produced a type of EPSO used as cooking oil. Pete Fulgham described his Invention and its use of EPSO to Bruce Wofford. Though Bruce Wofford had no experience in the equine industry, he told Pete Fulgham that he was in need of new employment and expressed interest in helping Pete Fulgham market and sell his Invention.

14.     In the spring of 2008, Pete Fulgham engaged Bruce Wofford to use his industry connections in the cooking oil business to acquire EPSO and fish oil from Bruce Wofford's suppliers. Pete Fulgham wanted to ensure the ingredients from Bruce Wofford's suppliers were the types necessary to produce Pete Fulgham's Supplement. Bruce Wofford then obtained EPSO manufactured for use as cooking oil, i.e. the EPSO had been de-gummed, filtered and bleached. Bruce Wofford also acquired fish oil to be used in this trial production of the Supplement. Pete Fulgham paid Bruce Wofford for his effort and for the EPSO that was obtained.

15.     In the spring of 2008, after Bruce Wofford acquired the ingredients, Pete Fulgham and Bruce Wofford mixed the ingredients together to produce Pete Fulgham's Supplement. Pete Fulgham instructed Bruce Wofford that the mixture should be comprised of 85% EPSO and 15% fish oil to ensure the most effective Omega 3 to Omega 6 ratio for an equine. Further, Pete Fulgham explained to Bruce Wofford this first test batch was useless because the cooking EPSO was ineffective for purposes of Pete Fulgham's Invention. Pete Fulgham explained that cooking EPSO's beneficial attributes were filtered out in the manufacturing process. Nonetheless, Bruce

4

Wofford represented he could obtain the appropriate EPSO and fish oil in the volumes required for commercial production in the future.

16.    In the spring of 2009, Pete Fulgham conducted further research into the effects of Vitamin E on an equine's health. Specifically, Pete Fulgham's research indicated that in addition to Vitamin E's antioxidant properties, it can also facilitate equine perspiration. Pete Fulgham determined that, for purposes of the Supplement's effectiveness, the Vitamin E levels should be increased.

17.    Bruce Wofford initially opposed the addition of Vitamin E to the Supplement due to the increase in production costs. However, Pete Fulgham insisted that in order for the Supplement to be as effective as possible it needed at least 38,400 i.u. of Vitamin E per gallon of the Supplement. This is because, as Pete Fulgham determined, the average horse needs at least 1,200 i.u. of Vitamin E per day. These concentrations may be adjusted depending upon the specific needs of the equine, e.g. broodmares require at least 3,000 i.u. of Vitamin E per day.

18.    Vitamin E's addition to the Supplement was always for the equine health benefits. The Supplement required no preservatives or stabilizers because the ingredients already possessed a naturally long shelf life. For example, when stored correctly, EPSO has a shelf life ranging between six months to two years and fish oil has a shelf life ranging between twelve months to several years. Therefore, any preservative qualities of Vitamin E are completely unnecessary in Pete Fulgham's Invention.

19.    On July 30, 2009, Pete Fulgham, his wife Nancy Havens Fulgham, Bruce Wofford, and his wife Bettye P. Wofford formed a company called Animal Wellness Products, LLC to market Pete Fulgham's Invention. The Supplement was to be sold under the trade name "Equine Mega-Omega" ("EMO"), a mark which is registered to and owned exclusively by Pete

5

Fulgham. In addition to Bruce Wofford's original role to procure all necessary ingredients in amounts large enough to satisfy the requirements of commercial production (for which he was previously compensated), he became primarily responsible for selling the Supplement. The Fulghams contributed substantially all of the start-up capital for Animal Wellness Products, LLC. In return, Bruce Wofford agreed to be in charge of producing, marketing and selling the Supplement.

20.     At the time the parties formed Animal Wellness Products, LLC, Pete Fulgham was unaware of Bruce Wofford's history of criminal fraud. Bruce Wofford is a two-time felon involving crimes of dishonesty, including a 1996 felony conviction in Mississippi for uttering a forgery (a crime for which he was incarcerated in Mississippi on or about December of 1995) and a 1996 felony conviction in Tennessee for misapplication of contract funds and worthless checks (a crime for which he was incarcerated in Tennessee on or about July of 1996 through April of 1999). Had Pete Fulgham known of Bruce Wofford's criminal history involving multiple felonious acts of dishonesty, he would not have entered into this business arrangement with Bruce Wofford. As will be demonstrated below, Bruce Wofford's conduct regarding Animal Wellness Products, LLC is entirely consistent with his history of bank fraud and mishandling of funds belonging to others.

21.     Pursuant to the Limited Liability Operating Agreement of Animal Wellness Products, LLC, Pete Fulgham was the sole Managing Member of the company. Bruce Wofford had no managerial authority under the Operating Agreement.

22.     On or around 2010, Animal Wellness Products, LLC retained Susan Fentress as its intellectual property attorney. Additionally, Susan Fentress was hired to assist Pete Fulgham in patenting his Invention.

6

23.    On or around December 5, 2010, Pete Fulgham was involved in a severe automobile accident that resulted in him suffering a range of debilitating injuries, including a broken back.  Pete Fulgham was hospitalized for several weeks and upon his release, was confined to a bed for a period thereafter.

24.    During this time, and while Pete Fulgham was between hospitalizations, heavily medicated and awaiting surgery, Bruce Wofford opened a bank account (the "Account") at BancorpSouth in Houston, Mississippi, by presenting the bank with false credentials identifying him as the "Manager" of Animal Wellness Products.  The Account was not authorized by Pete Fulgham and therefore violated the Operating Agreement.  Bruce Wofford diverted checks, sales proceeds and other funds payable to Animal Wellness Products to the Account.  All of these funds should have been deposited in an authorized bank account of Animal Wellness Products.

25.    Based on this nefarious conduct as well as other events that are the subject of a dispute between the parties in Bolivar County Chancery Court, relations between the parties soured and the parties ceased doing business under Animal Wellness Products, LLC.

26.    In February of 2011, Pete Fulgham and Nancy Havens Fulgham (collectively, the "Fulghams") formed Equine Mega-Omega, LLC and began selling a product marketed under the name "Equine Mega-Omega."  This product is comprised of the Supplement invented by Pete Fulgham.  The trademark for the name "Equine Mega-Omega" is registered in the name of "Murray G. Fulgham" only and has always belonged exclusively to Pete Fulgham.

27.    On January 24, 2011, Susan Fentress filed the patent application of the Supplement and all necessary forms thereof with the United States Patent and Trademark Office ("USPTO").  Pete Fulgham was listed as the sole, original inventor on the utility patent application which is attached hereto as Exhibit "B."

7

28.     In February of 2011, Susan Fentress sent a letter to Bruce Wofford demanding that he cease and desist producing, selling and/or distributing the Supplement as it constituted an unauthorized use of Pete Fulgham's Invention and confidential and proprietary information.

29.     Thereafter, Bruce Wofford contacted Susan Fentress seeking to add himself as an additional "Inventor" on the patent application.   Over the next few months, Bruce Wofford submitted fraudulent evidence to Susan Fentress that supported Bruce Wofford's contentions of joint inventorship.  Specifically, Bruce Wofford represented to Susan Fentress that in early 2008 he alone developed and set the Supplement's ratios of EPSO to fish oil.  This was in spite of Bruce Wofford having no expertise or even general knowledge about equine health.  To support his claim, Bruce Wofford provided hand-written notes as "inventorship notes" that were, in fact, notes he took from several meetings with Pete Fulgham in which Pete Fulgham explained his research and ideas.  These notes evidence a scrivener's contribution, and nothing more.

30.     At all relevant times, Pete Fulgham objected to Bruce Wofford being added to the patent application.  In response, Susan Fentress told Pete Fulgham that she would examine the evidence submitted by both parties and make a determination as to Bruce Wofford's disputed claim of Inventorship.  After reviewing the documents submitted by the parties, Susan Fentress signed a Memorandum which correctly notes that "It is clear, from a review of the supporting documentation that [Pete] Fulgham conceived the general idea set out in the claims prior to working with [Bruce] Wofford." *See* May 26, 2011 Memorandum, attached hereto as Exhibit "**C**."  She also correctly determined that "statements show a product included Vitamin E in Sept. 2007 [before Pete Fulgham met Bruce Wofford] and that this was suggested by Pete Fulgham." *Id.* Thus, it is clear and undisputed that the use of Omega 3's and Vitamin E as an equine dietary

8

supplement for the purpose of treating arthritis, lameness, anhidrosis and mange was conceived solely by Pete Fulgham.

31.     However, based on the fraudulent evidence provided by Bruce Wofford, Susan Fentress determined that "[t]he documents produced show that [Bruce] Wofford worked in early 2008 to identify the proper ratio and, as such, [Bruce] Wofford is a joint-inventor of the patent application for those claims." That finding was based entirely on the false "inventorship notes" and other false evidence submitted to her by Bruce Wofford.

32.     On June 8, 2011, an amendment was filed with USPTO that added Bruce Wofford as a joint inventor to the patent application. This amendment is attached hereto as Exhibit "**D**." While Pete Fulgham continued to object to Bruce Wofford being listed as an inventor on the patent application, he had no choice but to allow the patent application to continue as directed by Susan Fentress.

33.     On September 17, 2013, the USPTO issued the Animal Supplement Patent listing Pete Fulgham and Bruce Wofford as joint inventors. Thus, this matter is now ripe for consideration by this Court.

34.     In 2011, Bruce Wofford and Bettye Wofford (collectively, the "Woffords") formed Animal Total Health, LLC and began selling a product marketed under the name "Total Gold," (hereinafter, the "Infringing Product"). The Infringing Product is comprised of the Supplement invented by Pete Fulgham. At all times since January of 2011, by making, distributing, using, offering to sell, or selling one or more of the Infringing Product, Bruce Wofford and Animal Total Health, LLC have infringed one or more of the claims of the Animal Supplement Patent in each instance of the same.

## COUNT I

*Correction of Inventors*

35.     The Plaintiff incorporates by reference all of the preceding averments of this Complaint.

36.     The patent laws of the United States, 35 U.S.C. § 256, authorize the correction of the inventors' names in a patent, whether by addition or deletion, by application to the Director of the USPTO or in federal court.

37.      Pursuant to 35 U.S.C. § 256, this Court may order correction of any inventorship error on any patent upon notice to and opportunity to be heard by all parties concerned.

38.     "[S]ection 256 allows deletion of a misjoined inventor whether that error occurred by deception or by innocent mistake. *Stark v. Advanced Magnetics*, 119 F.3d 1551, 1555 (Fed. Cir. 1997). Thus, "correction of inventorship under 35 U.S.C. § 256…only requires an inquiry into the intent of [a] nonjoined inventor" as opposed to a misjoined inventor. *Id* at 1552.

39.     Bruce Wofford did not invent or contribute to the inventorship of any claim in the Animal Supplement Patent  ("One does not qualify as a joint inventor by merely assisting the actual inventor after conception of the claimed invention." *Ethicon, Inc. v. United States Surgical Corp.*, 135 F.3d 1456, 1460 (Fed. Cir. 1998)).  There is no dispute that the conception of the Animal Supplement Patent happened in 2004 when Pete Fulgham conceived the idea of adding Omega 3's to EPSO for use as an equine supplemental dietary product.  That occurred four years prior to Pete Fulgham meeting Bruce Wofford.  There is no dispute that Pete Fulgham researched and developed the concept of adding Vitamin E in 2009.  Pete Fulgham never authorized or asked Bruce Wofford to conduct any independent research on the proper ratios of Omega 3 or Omega 6 because, as he freely admits, Bruce Wofford had no experience or knowledge with

regard to equine health. At best, Bruce Wofford assisted in 2008-2010 in the procurement of suitable EPSO and the physical labor needed to combine the ingredients according to Pete Fulgham's Invention for packaging and sales. Such activities by a helper or employee or even a business partner do not render one a joint inventor.

40. Consequently, Bruce Wofford was misjoined to the Animal Supplement Patent as a joint inventor due to error.

41. "If a patentee demonstrates that inventorship can be corrected as provided for in section 256, a district court must order correction of the patent…" *Pannu v. Iolab Corp.*, 155 F.3d 1344, 1350 (Fed. Cir. 1998). Therefore, Bruce Wofford must be deleted from the Animal Supplement Patent as a joint inventor in accordance with 35 U.S.C. § 256.

## COUNT II

### *Patent Infringement*

42. The Plaintiff incorporates by reference all of the preceding averments of this Complaint.

43. Bruce Wofford and Animal Total Health, LLC are or have directly or indirectly, and willfully, infringed one or more of the claims of the Animal Supplement Patent, by making, distributing, using, offering to sell, or selling one or more of the Infringing Product that infringes one or more of the claims of the Animal Supplement Patent.

44. Bruce Wofford and Animal Total Health, LLC have engaged in activities which constitute direct infringement, contributory infringement, and/or inducement to infringe the claims of the Animal Supplement Patent, in violation of 35 U.S.C.A. § 271.

45. Bruce Wofford and Animal Total Health, LLC are or have been, at all times relevant to this action, fully aware of and have or had actual knowledge of the Animal Supplement Patent.

11

46.     Bruce Wofford and Animal Total Health, LLC have made profits from their acts of patent infringement and Pete Fulgham has suffered damages for which he is entitled to relief under 35 U.S.C.A. § 284.

47.     The acts of Bruce Wofford and Animal Total Health, LLC are or were deliberate and willful, and will continue unless enjoined by this Court.

48.     As a result, the deliberate and willful nature of Bruce Wofford's and Animal Total Health, LLC's acts, such damages should be increased to the maximum amount allowed by law, including an award of attorney's fees.

## COUNT III

### *Fraud*

49.     The Plaintiff incorporates by reference all of the preceding averments of this Complaint.

50.     On June 8, 2011, an amendment was filed with USPTO that added Bruce Wofford as a joint inventor to the patent application and on September 17, 2013, the USPTO issued the patent listing Pete Fulgham and Bruce Wofford as joint inventors.

51.     Bruce Wofford knowingly and falsely misrepresented to Susan Fentress that he was a joint inventor of the Invention.

52.     Bruce Wofford specifically represented to Susan Fentress that in early 2008 he alone developed and set the Invention's ratios of EPSO to fish oil.

53.     In fact, Bruce Wofford did not develop or determine any of the Invention's ratios of EPSO to fish oil.  Only Pete Fulgham set the exact ratios of EPSO to fish oil used in the Invention.

54.     Bruce Wofford provided false evidence to Susan Fentress that erroneously

12

supported his contentions of inventorship. Further, on June 7, 2011, Bruce Wofford signed and caused to be filed with the USPTO a "Declaration for Utility or Design Application Using an Application Data Sheet" (the "Declaration"), a true and correct copy of which is attached hereto as Exhibit "**E**."

55. Bruce Wofford knowingly and intentionally caused the fraudulent Declaration to be filed with the USPTO in violation of 18 U.S.C. § 1001 which states in relevant part:

> [W]hoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully
>
> (1) falsifies, conceals, or covers up by any trick, scheme, or device a material fact;
>
> (2) makes any materially false, fictitious, or fraudulent statement or representation; or
>
> (3) makes or uses any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry;
>
> shall be fined under this title, imprisoned not more than 5 years.

56. Bruce Wofford knew his representations to Susan Fentress and the USPTO were false.

57. Bruce Wofford intended for Susan Fentress and the USPTO to rely upon these false representations.

58. Susan Fentress and the USPTO did in fact rely upon Bruce Wofford's false representations.

59. Susan Fentress' and the USTPO's reliance on these false representations was reasonable.

60. Pete Fulgham has suffered damages as a result of Bruce Wofford's fraud for which he seeks recovery in this action. Specifically, Pete Fulgham has been prevented from

13

exercising all rights of exclusive title to the Animal Supplement Patent and suffered economic damages as a result of Bruce Wofford illegally selling Pete Fulgham's Invention.

61.     Pete Fulgham is also entitled to recover from Bruce Wofford punitive damages as well as Defendants' attorney fees expenses and costs incurred in this action.

## COUNT IV

### *Unjust Enrichment*

62.     The Plaintiff incorporates by reference the preceding averments of this Complaint.

63.     The proceeds of the sale of the Infringing Product have resulted in proceeds which rightfully belong to Pete Fulgham as sole owner of the Animal Supplement Patent. These proceeds have been wrongfully withheld by Bruce Wofford. Such proceeds were fraudulently procured by Bruce Wofford through the fraudulent scheme described herein. Accordingly, Bruce Wofford and Animal Total Health, LLC have been unjustly enriched in the amount of such fraud, plus interest, since receiving same.

64.     Pete Fulgham is entitled to recover from Bruce Wofford and Animal Total Health, LLC an amount equal to the fraudulently obtained proceeds of any sale of the Infringing Product, plus interest at the legal rate of 8% dating back to the date of any such sale, as well as Pete Fulgham's attorney's fees expenses and costs incurred in this action.

## COUNT V

### *Accounting*

65.     The Plaintiff incorporates by reference the preceding averments of the Complaint.

66.     Pete Fulgham seeks an accounting of all monies received by Bruce Wofford and Animal Total Health, LLC in connection with the Invention, the Animal Supplement Patent and

14

the Infringing Product. Pete Fulgham further seeks disgorgement of all monies wrongfully received by Bruce Wofford and Animal Total Health, LLC in connection with the Invention, the Animal Supplement Patent and the Infringing Product.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Murray G. Fulgham demands judgment against Defendants Bruce E. Wofford and Animal Total Health, LLC as follows:

(a). For a determination that Murray G. Fulgham is the sole and original inventor of the invention described in Patent Number 8536220 and, pursuant to 35 U.S.C. § 256, an Order directing its correction by the immediate removal of Bruce E. Wofford as a co-inventor;

(b). For Bruce E. Wofford and Animal Total Health, LLC and all of their subsidiaries, affiliates, officers, agents, servants, employees, attorneys, and their heirs, successors and assigns, and all persons acting in concert or participation with it and each of them, be immediately enjoined and restrained, preliminarily and permanently, without bond, from manufacturing, importing, distributing, selling or offering for sale products manufactured according to the Animal Supplement Patent; and deliver to Murray G. Fulgham for destruction all products that infringe the Animal Supplement Patent complete with such products instructions, technical data sheets, and other written literature;

(c). For Bruce E. Wofford's fraud, such amount of actual and compensatory damages, special damages including lost profits, punitive damages, attorneys' fees, expenses and costs, together with post-judgment interest allowed by law, to which Murray G. Fulgham may be entitled to at the time of trial;

15

(d). For all damages available for Bruce E. Wofford's and Animal Total Health, LLC's willful patent infringement, including without limitation, attorney's fees and treble damages under 35 U.S.C.A. §§ 284 and 285;

(e). For an accounting for all monies received by Bruce E. Wofford and Animal Total Health, LLC as a result of the conduct complained of herein; and

(f). For other such relief as this Court deems just and equitable.

This the 17th day of October, 2013.

Respectfully submitted,

P. Ryan Beckett (MSB # 99524)
J. Mitchell Carrington (MSB # 104228)

ATTORNEYS FOR PLAINTIFF
MURRAY G. FULGHAM

OF COUNSEL:

BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC
1020 Highland Colony Parkway, Suite 1400
P.O. Box 6010
Ridgeland, Mississippi 39157
(P)(601) 948-5711
(F)(601) 985-4500
(E) ryan.beckett@butlersnow.com
(E) mitch.carrington@butlersnow.com

ButlerSnow 17416978v4

16